# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafi Shotland, )<br>)<br>     Petitioner, )<br>)<br>vs. )<br>)<br>David Duncan, )<br>)<br>     Respondent. )<br>) | No. CV 08-188 TUC JMR<br><br>**ORDER** |

Pending before the Court is a Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus by a Person in Federal Custody, filed by Petitioner on March 17, 2008 (Doc. No. 1). Respondent filed a Response and a Motion to Dismiss on August 29, 2008 (Doc. No. 9). Petitioner filed a Reply on May 23, 2008 (Doc. No. 10). For the reasons stated below, the petition is **DENIED** and the case is **DISMISSED**.

**Factual and Procedural Background**

Petitioner is serving a 70-month sentence for Possession with Intent to Distribute Methlenedioxy-Methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §2. He is currently incarcerated at the Federal Correctional Institution (FCI), Safford, Arizona. Petitioner has a projected release date of January 28, 2012, via Good Conduct Time Release (the projected release date assumes Petitioner will earn all available Good Conduct Time).

Petitioner's sentence was imposed on July 22, 2005 by the Honorable Melinda F. Harmon, United States District Judge for the Southern District of Texas. In order for federal authorities to proceed with the federal charges against Petitioner, it was necessary to writ Petitioner from state custody in California. Consequently, Petitioner was "borrowed" from State of California officials and brought into federal custody on June 27, 2003, via a writ of habeas corpus *ad prosequendum*. Petitioner was sentenced on the above offenses in federal court on July 22, 2005. He was subsequently sentenced on his state charges while still in temporary federal custody on September 26, 2005 and then returned to state officials. Petitioner was paroled from his State of California sentence on December 28, 2006, and was then transported to the custody of the Federal Bureau of Prisons on June 27, 2007. Petitioner was awarded federal time credit for the period he spent in state custody after his state parole and prior to his transportation to federal custody–from December 29, 2006, through June 26, 2007.

Petitioner argues in his instant petition that he should have received credit on his federal sentence for time spent on writ of habeas corpus *ad prosequendum* when he was "borrowed" from the State of California and prosecuted for his federal offenses.[1] Petitioner also urges this Court to review his sentence under *United States v. Fuentes*, 107

---

[1] This time computation issue is properly before the Court in this §2241 petition. Furthermore, Respondent concedes that Petitioner has exhausted his administrative remedies on this issue.

2

F.3d 1515 (11th Cir. 1997),[2] apparently challenging the legality of his federal sentence, which ran consecutively to his state sentence. Finally, Petitioner claims that his due process rights have been violated by the "procedural morass" through which he has apparently been forced to wade.

**Legal Discussion**

The Writ of Habeas Corpus *Ad Prosequendum*

A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ of habeas corpus *ad prosequendum* from state custody. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state jurisdiction over the accused continues uninterruptedly."*)*. Petitioner's federal sentence was properly credited with the time between the end of his state sentence (December 28, 2006) and his transportation into federal custody (June 26, 2007).[3]

---

[2] *Fuentes* held that whenever a defendant is subject to an "undischarged sentence" imposed for criminal activity that U.S.S.G. §1B1.3 treats as relevant conduct, §5G1.3(b) directs the court to impose a sentence that runs concurrently to the undischarged sentence. *Id.* at 1521.

[3] See Resp. Exhibit 2. Petitioner's sentence computation was reviewed by Cheryl A. Pauley, Policy and Correspondence Specialist at the Designation and Sentence Computation Center of the BOP. The review confirmed that Petitioner was "borrowed" from state custody on June 27, 2003, pursuant to a writ of habeas corpus *ad prosequendum,* to face federal charges. Petitioner was convicted and sentenced in federal court on July 22, 2005 and then returned to California state custody to serve out his state sentence (while in temporary federal custody Petitioner was sentenced on state charges on September 26, 2005). Petitioner was paroled from his state sentence on December 28, 2006, and he was transported into federal custody on June 27, 2007; for this period of time he received federal sentence credit.

Petitioner is not entitled to additional credit for time served under 18 U.S.C. § 3585(b), which states the following with respect to granting inmates credit for prior custody:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

(emphasis added). It is the policy of the Bureau of Prisons to presume that, where a state sentence has been imposed, the state has awarded presentence credit, unless the inmate claims no state credit was given. In this case Petitioner makes no claim that he failed to receive state credit for the time he spent in temporary federal custody on the writ of habeas corpus *ad prosequendum*. Rather, Petitioner appears to argue that he should have received not only state credit but also federal credit for the time he spent in temporary federal custody. This argument must fail, as the Supreme Court has held that in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir.1988)(per curiam) (applying the precursor to 18 U.S.C. § 3585, and concluding that "[s]ince the State of Florida gave [petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is

not entitled to credit against his federal sentence for the same period of time"); *United States v. LaBeille-Soto*, 163 F.3d 93, 99 (2d Cir.1998) (a "defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence"). A review of the record reveals that Petitioner's sentence was already properly credited to his state sentence under 28 U.S.C. § 3585(b).[4] He is clearly not entitled to double credit for the time he was in temporary federal custody on the writ of habeas corpus *ad prosequendum*.

Petitioner's *Fuentes* Challenge

As a preliminary matter, Petitioner's claim that the sentences ought to have run concurrently rather than consecutively is properly brought under 28 U.S.C. § 2255 and not § 2241. See *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000) ("Generally, motions to contest the legality of a sentence must be filed under §2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to §2241 in the custodial court."). This claim, therefore, is not properly before this Court and must be dismissed quite apart from the merits.

With respect to the merits, Petitioner's federal sentence is properly being served consecutive to his state sentence. As District Judge Melinda Harmon explained in her

---

[4] *See* Doc. No. 12-2, Resp. Supplemental Brief, Declaration of Matthew J. Carney (revealing that Petitioner was credited with 1,674 days of presentence credit on his California state sentence, which reflects all the time he served in federal custody awaiting sentencing on his state sentence computation).

letter of response to the Bureau of Prisons regarding this matter, at the time of federal sentencing, § 5G1.3 did not apply because Petitioner had not yet been sentenced in state court, and there was therefore no "undischarged term of imprisonment" pending before the court for consideration. Additionally, the pending state case was not considered related to the offense for which Petitioner was sentenced in federal court. Furthermore, 18 U.S.C. § 3584(a) provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Judge Harmon did not order that Petitioner's federal sentence run concurrent to his state sentence, and in her response letter she stated with respect to the possible modification of Petitioner's sentence that "it does not appear that Mr. Shotland's case meets any of the specifications or criteria to modify his sentence at this time." *See* Resp. Exhibit 6. A review of the facts reveals this to be the case, and therefore Petitioner is not entitled to relief based upon *Fuentes*.

The Bureau of Prisons has properly calculated Petitioner's sentences, and there has been no deprivation of due process or any violation of operative statutes.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus by a Person in Federal Custody (Doc. No. 1) is **DENIED**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as

**MOOT**.  The Clerk of Court is directed to close this case and issue judgment accordingly.

DATED this 12th day of September, 2008.

_____
John M. Roll
Chief United States District Judge